UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

       Plaintiff,

v.

ITS HOMESTEAD, L.P.,

       Defendant.

_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually (hereinafter "Plaintiff"),

sues ITS HOMESTEAD, L.P. (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.      At all times material, Defendant, ITS HOMESTEAD, L.P., owns and operates a commercial property and hotel business located at 1071 NE 28th Ave, Homestead, FL 33033 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ITS HOMESTEAD, L.P., holds itself out to the public as "UPTOWN SUITES HOMESTEAD".

5.      At all times material, Defendant, ITS HOMESTEAD, L.P., was and is a Delaware

1

Limited Partnership registered to conduct business in the State of Florida, with its principal place of business listed in Greenwich, CT.

6. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

7. Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibiting him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to

2

walking, standing, grabbing, grasping and/or pinching.

11. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13. Defendant, ITS HOMESTEAD, L.P., owns, operates, and oversees the Commercial Property its general parking lot, paths of travel and walkways, the common areas of the hotel business and the hotel rooms located at the Commercial Property located in Miami Dade County, Florida, that is the subject of this Action.

14. The subject Commercial Property is open to the public. The individual Plaintiff visited the Commercial Property, to include visits to the Commercial Property on or about January 12, 2026, through January 14, 2026, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He visits the Commercial Property in order to avail himself of the services offered there, and because it is approximately three (3) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint, in order to avail himself of the services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

3

15. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

16. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO.

17. Defendant, ITS HOMESTEAD, L.P., owns and/or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, ITS HOMESTEAD, L.P., is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, ITS HOMESTEAD, L.P., owns and/or operates is the Commercial Property and hotel business located at 1071 NE 28th Ave, Homestead, FL 33033.

18. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he will have full and equal enjoyment of the Commercial Property without fear of

4

discrimination.

19.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

<b>COUNT I – ADA VIOLATIONS AS TO DEFENDANT<br>ITS HOMESTEAD, L.P.</b>

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendant, ITS HOMESTEAD, L.P., has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

A.  Public Restrooms

i.     Plaintiff could not transfer to the toilet without assistance, as objects are mounted on a grab bar obstructing its use. There is a lack of maintenance. Violation: The grab bars are obstructed violating 28 CFR 36.211 whose resolution is readily achievable.

ii.    Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iii.   Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily

achievable.

iv.   Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Accessible Guestrooms & Bathrooms

i.   The required number of accessible guestrooms with compliant bathtubs is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The rooms designated for disabled use do not provide the required number of guestrooms with compliant roll-in showers for use by the disabled, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The accessible guestrooms are not dispersed among the various classes of sleeping accommodations available to patrons, violating Section 9.1.4 of the ADAAG and Section 224.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   Plaintiff could not use the bathtub without assistance, as the required securely mounted seat is not provided. Violation: The bathtubs do not provide a compliant seat as required in Sections 4.20.3 of the ADAAG and Section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   There isn't a shower spray unit. Violation: A compliant shower spray unit is not provided as required in Section 4.20.6 of the ADAAG and Section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   Plaintiff could not reach the drapery wands without assistance, as they are located too high and they require tight grasping and twisting of the wrist to operate. Violation: The drapery wands provided in the designated accessible guestroom are in violation of the requirements in Section 4.27 of the ADAAG and Sections 308 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

22.   Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

23.   The individual Plaintiff has been denied access to and has been denied full and equal enjoyment of the services, facilities privileges, benefits, programs, and activities offered by the Defendant, Defendant's building and facilities therein; and has otherwise been discriminated

against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein.

27.     Notice to a defendant is not required as a result of the defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, located at 1071 NE 28th Ave, Homestead, FL 33033, the exterior and interior areas, including but not limited to guest rooms and common areas, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities, such as the Plaintiff, to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 18, 2026

Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**

9

*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mail: yabdalla@lawgmp.com


By: ____/s/ Alfredo Garcia-Menocal_
     ALFREDO GARCIA-MENOCAL
     Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON J.
DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com


By: ____/s/ Ramon J. Diego_____
     RAMON J. DIEGO
     Florida Bar No.: 689203